FILED: 5/6/2014 11:28:38 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Heather Goheen, Deputy

CAUSE NO. 14-03461-158 _____

| | | |
|---|---|---|
| JAMES J. HOVANEC, *Plaintiff*, | § § § | IN THE DISTRICT COURT |
| v. | § § § | \_\_\_\_ JUDICIAL DISTRICT |
| MIDWEST UNDERGROUND, INC., K&M EQUIPMENT, INC., and MIKE D. MURPHY, INDIVIDUALLY *Defendants*. | § § § § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

JAMES J. HOVANEC ("*Mr. Hovanec*" or "*Plaintiff*") sues MIDWEST UNDERGROUND, INC. ("*Midwest*"), K&M EQUIPMENT, INC. ("*K&M*") and MIKE D. MURPHY, individually ("*Murphy*," together with Midwest and K&M, "*Defendants*"), for suit on a note and breach of contract. The monetary damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000, plus penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

### I. LEVEL 2 – RULE 190.3 DISCOVERY CONTROL PLAN

1. Mr. Hovanec intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2. Mr. Hovanec is an individual residing in Denton County, Texas.

3. Defendant Midwest Underground, Inc. is a corporation with a principal place of business at 3150 5th Avenue, East Moline, Illinois 61244. Midwest has a place of business in Texas at 9080 Teasley Lane, Denton, Texas 76210. After a reasonable investigation, it does not appear that Midwest Underground is registered with the Texas Secretary of State. Midwest may

EXHIBIT B

Cause No. _____
James J. Hovanec v. Midwest Underground, Inc., et al.

be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Room 105, Austin, Texas 78701, as Midwest's agent for service because Midwest has engaged in business in Texas but has not designated or maintained a resident agent for service of process in Texas, and this suit arose from Midwest's business in Texas.

4. Defendant K&M Equipment, Inc. is a corporation with a principal place of business at 3150 5th Avenue, East Moline, Illinois 61244. After a reasonable investigation, it does not appear that K&M is registered with the Texas Secretary of State. K&M may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Room 105, Austin, Texas 78701, as K&M's agent for service because K&M has engaged in business in Texas but has not designated or maintained a resident agent for service of process in Texas, and this suit arose from K&M's business in Texas.

5. Defendant Mike D. Murphy is an individual residing and working in Illinois. His usual place of business is at Midwest Underground, Inc. at 3150 5th Avenue, East Moline, Illinois 61244. Mr. Murphy may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Room 105, Austin, Texas 78701, as Murphy's agent for service because Murphy has engaged in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process in Texas, and this suit arose from Murphy's business in Texas.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter as the amount in controversy falls within the jurisdictional limits of this Court. The Court has personal jurisdiction over Defendants because they engaged in business in Texas, contracted to do business with a Texas resident and to perform their contractual obligations in Texas. This lawsuit arises from Defendants' failure to

Cause No. _____
James J. Hovanec v. Midwest Underground, Inc., et al.

perform their obligations to Mr. Hovanec under the promissory note payable to Mr. Hovanec in Texas.

7. Venue is proper in Denton County, Texas, under Tex. Civ. Prac. & Rem. Code § 15.002 because Denton County is the county where the events or omissions giving rise to Plaintiff's cause of action accrued and the county of Mr. Hovanec's residence. In addition, venue is proper under Tex. Civ. Prac. & Rem. Code § 15.035 because the Defendants agreed in writing to perform their payment obligations to Mr. Hovanec under the promissory note in Denton County.

## IV. FACTUAL BACKGROUND

8. On or about May 21, 2012, Defendants executed a promissory note (the "*Note*") payable to Mr. Hovanec in the original amount of $500,000 and payable on June 4, 2012. A true and correct copy of the Note is attached as **Exhibit A**.

9. The terms of the Note provide that in the event of a default under the terms of the Note, interest will accrue on the unpaid balance at twelve percent (12%) per annum. In addition, the Note provides that Mr. Hovanec is authorized to assess all costs of collection, including attorneys' fees and court costs to the balance due.

10. Defendants defaulted under the original terms of the Note by failing to pay the outstanding balance of the Note when it matured on June 4, 2012. During the course of the lending relationship between Mr. Hovanec and Defendants, Mr. Hovanec made demands on Defendants for payment in full of the outstanding, unpaid principal and accrued interest due under the Note. Other than one payment of $200,000 on November 11, 2013, Defendants have failed to pay the amount owed. Most recently, Mr. Hovanec employed counsel to make written demand on Defendants for the amounts owed. A true and correct copy of the demand is attached

*Cause No. _____*
*James J. Hovanec v. Midwest Underground, Inc., et al.*

hereto as **Exhibit B**. Despite Mr. Hovanec's demands, Defendants have not paid the entire outstanding balance due under the Note.

## V. SUIT ON NOTE

11. Mr. Hovanec has at all times been the owner and holder of the Note. Defendants defaulted under the terms of the Note by failing to pay the amounts due when the Note matured. As a result of Defendants' default, Mr. Hovanec made written demand on Defendants for the amounts due under the Note. Despite Mr. Hovanec's demand, Defendants failed to pay. As of May 5, 2014, the outstanding amount of unpaid principal due under the Note was $300,000, plus accrued interest of $103,561.63, with interest continuing to accrue at the rate established in the Note of twelve percent (12%) per annum (a per diem of $98.63).

## VI. BREACH OF CONTRACT

12. Mr. Hovanec incorporates sections I through V herein by reference. The Note is a valid and enforceable written contract between Mr. Hovanec and Defendants. Defendants' conduct constitutes a breach of their contractual obligations under the Note, resulting in damages to Mr. Hovanec in the amount of at least $403,561.63 for the amounts due under the Note. Defendants are therefore liable to Plaintiff for $403,561.63, the amount of damages resulting from Defendants' breach, with interest continuing to accrue at the 12% per annum.

## VII. CONDITIONS PRECEDENT

13. All conditions precedent to Mr. Hovanec's claims for relief have been performed or have occurred.

## VIII. ATTORNEYS' FEES

14. Prior to filing this suit, Mr. Hovanec caused the Demand to be delivered to Defendants, demanding payment for the specific amount owed. Defendants did not pay the

Cause No. _____
James J. Hovanec v. Midwest Underground, Inc., et al.

amounts due. As a result of the Defendants' failure to pay all amounts due, Plaintiff has been required to retain the services of this firm, McGuire, Craddock & Strother, P.C., to recover the amounts due. Plaintiff seeks recovery of its reasonable attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001. In addition, the Note makes Defendants liable for all reasonable attorneys' fees, court costs, and other legal expenses incurred by Plaintiff in collecting any amounts due under the Note.

## IX. REQUEST FOR DISCLOSURE

15.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that the Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## X. PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer and that Plaintiff have judgment against the Defendants for:

(1) Actual damages, including, but not limited to, all sums due and owing under the Note;

(2) Prejudgment interest at the rate established by the Note;

(3) Attorneys' fees and litigation expenses;

(4) Postjudgment interest at the rate established by the Note;

(5) Costs of suit; and

(6) Such other and further relief, general or special, at law or in equity, to which Mr. Hovanec may show himself justly entitled.

Cause No. _____
James J. Hovanec v. Midwest Underground, Inc., et al.

Respectfully submitted,

/s/ James G. Rea                    [2014.05.06]
**MARC W. TAUBENFELD**
Texas Bar Number 19679800
**JAMES G. REA**
Texas Bar Number 24051234
**MCGUIRE CRADDOCK STROTHER PC**
2501 North Harwood, Suite 1800
Dallas, Texas 75201
T: (214) 954-6800
F: (214) 954-6850
mtaubenfeld@mcslaw.com
jrea@mcslaw.com

**ATTORNEYS FOR PLAINTIFF**

May 21, 2012                                                                                              US$500,000.00

## PROMISSORY NOTE

FOR VALUE RECEIVED, on June 04, 2012, the undersigned jointly & severally promise to pay to the order of James J. Hovanec, at Double Oak, Texas, the sum of FIVE HUNDRED THOUSAND and 00/100 ($500,000.00) DOLLARS, at no interest if paid on the due date or sooner.

The undersigned further agrees that in the event payment is not made as agreed or that a balance remains unpaid after becoming due, that interest shall be assessed upon the unpaid balance at twelve percent (12%) per annum, and in the event of such default, all costs of collection, including attorneys fees and court costs, shall be further assessed to the balance due, which shall become immediately due and payable in its entirety.

_____
Midwest Underground, Inc.

_____
K&M Equipment, Inc.

_____
Mike D. Murphy, Individually

Above three (3) signatures
Witnessed: Rick Jr. Moskowitz

**Exhibit A - Page 1**

# McGuire, Craddock & Strother, P.C.

2501 North Harwood, Suite 1800
Dallas, Texas 75201
www.mcslaw.com

James G. Rea
Direct: 214.954.6819
jrea@mcslaw.com
Licensed in Oklahoma and Texas

Telephone: 214.954.6800
Telecopier: 214.954.6850

April 17, 2014

VIA FIRST CLASS AND CERTIFIED MAIL RRR
#7196 9008 9111 1974 7383
Larry Ernst
MIDWEST UNDERGROUND, INC.
3150 5th Avenue
East Moline, Illinois 61244

VIA FIRST CLASS AND CERTIFIED MAIL RRR
#7196 9008 9111 1974 7390
Larry Ernst
K&M EQUIPMENT, INC.
3150 5th Avenue
East Moline, Illinois 61244

VIA MIKEM@MIDWESTUINC.COM,
FIRST CLASS AND CERTIFIED MAIL RRR
#7196 9008 9111 1974 7406
Mike D. Murphy
MIDWEST UNDERGROUND, INC.
3150 5th Avenue
East Moline, Illinois 61244

Re: Promissory Note dated May 21, 2012, in the original principal amount of $500,000, executed by Midwest Underground, Inc., K&M Equipment, Inc., and Mike D. Murphy, individually and payable to the order of James J. Hovanec ("*Promissory Note*").

Gentlemen:

We represent and write on behalf of James J. Hovanec ("*Lender*"). Lender is the owner and holder of the Promissory Note. The Promissory Note matured and is fully due and payable. As of April 16, 2014, the total amount due under the Promissory Note was $401,687.66, consisting of the current unpaid principal balance of $300,000, plus accrued interest of $101,687.66. Interest continues to accrue on the amounts due under the Note at the rate of 12%.

Please be advised that the total outstanding balance due under the Promissory Note must be paid directly to Lender on or before 5 p.m. on April 28, 2014. Payment should be made payable to "James J. Hovanec" and delivered to my attention at the address above or as otherwise directed in writing by Lender. In the event Lender does not receive full payment by April 28, 2014, Lender will pursue all available remedies to collect the debt due to Lender. Lender's remedies include, but are not limited to, filing suit and seeking Lender's attorneys' fees and costs pursuant to the terms of the Promissory Note and TEX. CIV. PRAC. & REM. CODE § 38.001.

Your prompt attention to this matter is required. If you are represented by an attorney, please deliver this correspondence to your attorney immediately.

Sincerely yours,

*James G. Rea*

James G. Rea

1613169v.1 0297/0001

**Exhibit B - Page 1**