# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JAMES J. HOVANEC | § | |
| | § | |
| v. | § | Case No. 4:14cv409 |
| | § | Judge Mazzant |
| MIDWEST UNDERGROUND, INC., | § | |
| K&M EQUIPMENT, INC., AND | § | |
| MIKE D. MURPHY, INDIVIDUALLY | § | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for Summary Judgment for Suit on Note (Dkt. #14). Having considered the motion for summary judgment, and all relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

On or about May 21, 2012, for good and valuable consideration, Defendants Midwest Underground, Inc. ("Midwest"), K&M Equipment, Inc. ("K&M") and Mike D. Murphy, Individually ("Murphy") ("Defendants" or "Borrowers") executed a promissory note in favor of Plaintiff James J. Hovanec for the principal amount of $500,000 (the "Note") and payable on June 4, 2012. The Borrowers received value in exchange for the Note. The Note matured on June 4, 2012. After the Note matured, Borrowers failed to pay Plaintiff the amounts owed to him. Borrowers made only one payment to Plaintiff in the amount of $200,000 on November 11, 2013, resulting in a remaining unpaid principal balance of $300,000. The terms of the Note provide that in the event of a default under the terms of the Note, interest will accrue on the unpaid balance at twelve percent (12%) per annum. The Note provides that Plaintiff is authorized to assess all costs of collection, including attorneys' fees and court costs to the balance due.

On October 22, 2014, Plaintiff filed a motion for summary judgment (Dkt. #14). On November 5, 2014, Defendants filed a response (Dkt. #15). On November 6, 2014, Plaintiff filed a reply (Dkt. #16).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas*

*Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

**ANALYSIS**

Plaintiff files this motion for the amounts due and owing on the Note. Plaintiff asserts that he is entitled to judgment against the Borrowers for the amounts due under the Note, jointly and severally, as makers of the Note.

"A plaintiff who sues for recovery on a promissory note does not have to prove all essential elements for a breach of contract but rather need only establish the note in question, that the defendant signed it, that the plaintiff was the legal owner and holder thereof, and that a certain balance is due and owing on the note." *Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 505 (Tex. App.–El Paso, 2010, no pet.) (citing *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.–Dallas 2010, no pet.).

The summary judgment evidence is uncontested that Plaintiff is the owner and holder of the Note and the party entitled to enforce it and Borrowers admit executing the Note. Borrowers admit that the Note has not been modified, amended or extended by any enforceable agreement. The Note matured on June 4, 2012, according to its terms, but Borrowers failed to pay the total amount owed. Borrowers did make one payment of $200,000 in November 2013. The payment of $200,000 was applied to the outstanding principal balance of $500,000.

Because Borrowers failed to pay the amounts due under the Note, Plaintiff was required to

employ counsel to collect the amounts owed. Plaintiff's attorneys made written demand on Borrowers, but the Borrowers refused to pay the remaining balance due on the Note. As of June 16, 2014, the outstanding principal balance due on the Note was $300,000. The total outstanding accrued interest due to Plaintiff on May 6, 2014, the day this lawsuit was filed, was $103,758.49 ($86,301.36 + $17,457.13). Interest continues to accrue on the outstanding balance of the Note at the rate of 12% per annum. In addition to the principal and interest due under the Note, Plaintiff is entitled to his costs of collection, attorneys' fees, and court costs.

Defendants contest one issue: Plaintiff has failed to prove, and cannot prove, each essential element of his claim for suit on a note, specifically that $103,298.62 in outstanding accrued interest is due and owing on the Note sued upon by Plaintiff. Defendants assert that in contrast to the assertions in his affidavit, Plaintiff has previously made different representations with respect to the amount of interest, if any, which accrued on the unpaid principal balance of the Note. Defendants assert that on June 13, 2013, as part of an audit of Midwest's financial statements, Anderson, Lower, Whitlow, P.C., Midwest's auditors, sent Plaintiff a request seeking confirmation of information related to the Note. On June 18, 2013, Plaintiff responded to the audit request. In response to the question regarding whether the information provided on page 1 of the Audit Response regarding the obligation from Midwest to Plaintiff agreed with Plaintiff's records as of March 31, 2013, Plaintiff responded as follows: "No interest owing during this period," referring to the June 4, 2012-March 31, 2013 time period. Defendants assert that this statement conflicts with Plaintiff's affidavit statement that $85,643.83 in interest accrued during the June 4, 2012-November 7, 2013 time period.

Defendants' argument lacks merit and fails to raise a material fact issue preventing the

4

granting of the motion for summary judgment. The rate of interest due on the unpaid balance of the Note is twelve percent (12%), which is clear and unambiguous on the face of the Note and can be interpreted as a matter of law. Defendants' response does not attempt to dispute the contractual rate of interest in the Note, nor do Defendants offer any evidence controverting the rate on the Note's face of twelve percent (12%). In addition, Defendants admitted the Note has not been amended, modified or extended. The Court agrees with Plaintiff that the rate of interest applied to the outstanding principal balance of the Note is twelve percent (12%), and the resulting calculation of the total amount of accrued interest, $103,758.49, is simple math.

The only evidence offered by Defendants is the Audit Request. Even if this evidence were proper summary judgment evidence[1], this evidence does not create a material fact issue. The evidence supports the terms of the Note, which states as follows:

(a) Original Date of Note: May 21, 2012;

(b) Original amount of Note: $500,000;

(c) Unpaid Principal Balance: $500,000; and

(d) Interest Rate: No interest if paid by June 4, 2012. Interest at 12% if not paid by June 4, 2012.

Defendants omit the complete story by failing to inform the Court that in June 2013, Plaintiff reached a tentative agreement with Mike Murphy to not charge interest on the Note in exchange for Midwest's performance of certain other obligations. However, Defendants failed to perform their

---

[1] The Court sustains Plaintiff's objections to this evidence. However, the Court will examine whether the evidence, if properly before the Court, creates a material fact issue.

obligations under that agreement, so Plaintiff charged interest on the principal balance of the Note according to the Note's terms. Therefore, Plaintiff should be awarded summary judgment at the contract rate of interest of twelve (12%) as a matter of law.

Pursuant to the Note's terms, Plaintiff is entitled to "all cost of collection, including attorneys' fees and court costs." Plaintiff is also entitled to recover his attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment for Suit on Note (Dkt. #14) is hereby **GRANTED**.

**SIGNED this 2nd day of February, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE