**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JAMES J. HOVANEC,** *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:14-CV-409** **(JUDGE MAZZANT)** |
| | § | |
| **MIDWEST UNDERGROUND, INC., K&M EQUIPMENT, INC., AND MIKE D. MURPHY, INDIVIDUALLY** *Defendants.* | § § § § | |

# PLAINTIFF'S APPLICATION FOR POST-JUDGMENT WRIT OF EXECUTION

Plaintiff, James J. Hovanec ("*Mr. Hovanec*" or "*Plaintiff*") requests that this Court issue a post-judgment writ of execution against Midwest Underground, Inc. ("*Midwest*"), K&M Equipment, Inc. ("*K&M*") and Mike D. Murphy, Individually ("*Murphy*," collectively with Midwest and K&M, "*Judgment Debtors*") with respect to the property and effects of the Judgment Debtors' in the Civil Action No. 4:14-cv-409, styled *James J. Hovanec v. Midwest Underground, Inc., K&M Equipment, Inc., and Mike D. Murphy, Individually.*

## PARTIES

1. Mr. Hovanec is an individual.

2. Judgment Debtors, Midwest Underground, Inc., K&M Equipment, Inc. and Mike D. Murphy, c/o Midwest Underground, Inc. reside in or do business in Illinois and may be served at 3150 5th Ave., East Moline, IL 61244 with process by the U. S. Marshal's Office.

**APPLICATION**

3. On February 2, 2015, this Court signed the Final Judgment (attached hereto as **EXHIBIT 1**) against the Judgment Debtors (the "*Judgment*"). The Judgment awards Mr. Hovanec judgment against Defendants, jointly and severally, for all amounts due and owing under the Note, which include: (1) the outstanding principal balance of THREE HUNDRED THOUSAND DOLLARS AND 00/100ths ($300,000), plus (20 ACCRUED Interest as of May 6, 2014, the day this suit was filed, in the amount of ONE HUNDRED THREE THOUSAND, SEVEN HUNDRED FIFTY-EIGHT DOLLARS AND 49/100ths ($103,758.49), plus interest on principal balance of the Note at the rate of twelve percent (12%) per annum from May 7, 2014, until paid, plus attorneys' fees and cost of court. The Judgment is final, valid and subsisting.

4. On or about June 23, 2015, this Court signed a Memorandum Opinion and Order ("Memorandum") [Dkt. No. 25] Granting Plaintiff's Amended Motion for Attorney's Fees and Expenses, and awarding $32,815.00 counsel's compensation, and $941.28 for expenses, with Court costs of $810.65 for a total sum of $34,577.93, which is attached hereto as **EXHIBIT 2**, and is incorporated herein by reference for all purposes.

5. Judgment Debtors do not possess property in Texas subject to execution sufficient to satisfy the Judgment.

6. This post-judgment writ of execution is not sought to injure Judgment Debtors but to aid in enforcement of the Judgment.

7. Mr. Hovanec prays that a post-judgment writ of Execution issue against Judgment Debtors, and that the property of Judgment Debtors be executed on to satisfy the amounts owed

under the Judgment and Memorandum, together with all interest and costs of court in the original case and that the Court grant Mr. Hovanec any other relief to which he may be entitled.

Respectfully submitted,

*/s/ James G. Rea [09/02/15]*
**MARC W. TAUBENFELD**
Texas Bar Number 19679800
**JAMES G. REA**
Texas Bar Number 24051234
**MCGUIRE CRADDOCK STROTHER PC**
2501 North Harwood, Suite 1800
Dallas, Texas 75201
T: (214) 954-6800
F: (214) 954-6850
mtaubenfeld@mcslaw.com
jrea@mcslaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on the following via electronic means on September 2, 2015:

**PAUL. E. FRANCES**
Texas Bar No. 07359500
**JAMES E. PHILLIPS**
Texas Bar No. 24060423
**BAKER & HOSTETLER, LLP**
One Main Street, Suite 1100
Houston, Texas 77002
T: (713) 646-1334
F: (713) 751-1717
pfrancis@bakeraw.com
jphillips@bakerlaw.com
**ATTORNEYS FOR DEFENDANTS**

*/s/ James G. Rea [09/02 /15]*
**JAMES G. REA**

# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JAMES J. HOVANEC | § | |
| | § | |
| v. | § | Case No. 4:14cv409 |
| | § | Judge Mazzant |
| MIDWEST UNDERGROUND, INC., | § | |
| K&M EQUIPMENT, INC., AND | § | |
| MIKE D. MURPHY, INDIVIDUALLY | § | |

## FINAL JUDGMENT

It is hereby **ORDERED ADJUDGED** and **DECREED** that Plaintiff James J. Hovanec's Motion for Summary Judgment is granted and Plaintiff is awarded judgment against Midwest Underground, Inc., K&M Equipment, Inc. and Mike D. Murphy (collectively, "Defendants"), jointly and severally, for all amounts due and owing under the Note, which include: (1) the outstanding principal balance of THREE HUNDRED THOUSAND DOLLARS AND 00/100ths ($300,000), plus (2) accrued interest as of May 6, 2014, the day this suit was filed, in the amount of ONE HUNDRED THREE THOUSAND, SEVEN HUNDRED FIFTY-EIGHT DOLLARS AND 49/100ths ($103,758.49), plus interest on principal balance of the Note at the rate of twelve percent (12%) per annum from May 7, 2014, until paid, plus attorneys' fees and costs of court.

**SIGNED this 2nd day of February, 2015.**

Amos Mazzant

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

EXHIBIT
tabbies®
1

# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES J. HOVANEC | § | |
| | § | |
| v. | § | Case No. 4:14-cv-409 |
| | § | Judge Mazzant |
| MIDWEST UNDERGROUND, INC., | § | |
| K&M EQUIPMENT, INC., AND | § | |
| MIKE D. MURPHY, INDIVIDUALLY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Amended Motion for Attorneys' Fees and Expenses Pursuant to Rule 54 (Dkt. #24). After considering the motion and the relevant pleadings, the Court finds that it should be granted.

## BACKGROUND

On or about May 21, 2012, Midwest Underground, Inc. ("Midwest"), K&M Equipment, Inc. ("K&M"), and Mike D. Murphy ("Murphy," collectively with Midwest and K&M, "Defendants") executed a promissory note in favor of James J. Hovanec for the principal amount of $500,000 (the "Note"). The Note matured on June 4, 2012, and Defendants failed to pay Plaintiff the amounts owed to him according to the terms of the Note.

Plaintiff commenced this action in a Texas court on May 6, 2014, and the action was subsequently removed to federal court by Defendants on June 19, 2014, pursuant to diversity jurisdiction (Dkt. #1). Plaintiff moved for summary judgment against Defendants (Dkt. #14), and the motion was granted by the Court (Dkt. #18). Plaintiff was accordingly awarded the outstanding principal balance of $300,000, interest through May 6, 2014, of $103,758.49, and additional interest at twelve percent (12%) per annum from May 7, 2014, until paid. Additionally, Plaintiff was awarded attorneys' fees and court costs; however, his ensuing motion



EXHIBIT 2

for attorneys' fees and costs was denied due to failure to give sufficient detail in the affidavit and failure to provide appropriate analysis (Dkt. #23). Plaintiff subsequently filed his amended motion for attorneys' fees and costs on April 24, 2015, requesting $32,815.50 in reasonable and necessary attorneys' fees, $2,000 for necessary post-judgment actions, plus expenses of $941.28 (Dkt. #24).[1]

**ANALYSIS**

Civil actions heard in federal courts under diversity jurisdiction follow federal procedure and the substantive and statutory law of the state in which the court sits. *See* 28 U.S.C. § 2071; 28 U.S.C. § 1652; *see Shady Grove Orthopedic Assocs. v. Allstate Ins.*, 559 U.S. 393, 406-08 (2010); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Accordingly, Federal Rule of Civil Procedure 54(d)(2) is the controlling procedure in this case and Texas Civil Practice & Remedies Code § 38.001 is the controlling state law.

The Federal Rules of Civil Procedure require that claims for attorneys' fees be made by a Rule 54 motion. FED. R. CIV. P. 54(d)(2)(A). The motion must: (1) be filed no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. FED. R. CIV. P. 54(d)(2)(B).

Texas common law follows the "American Rule" and the Texas Civil Practice & Remedies Code provides a statutory exception to the Rule for cases involving breach of contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001; *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011). The breach of contract exception states that a person may

[1] The record reflects that Defendants did not file a response to Plaintiff's Amended Motion for Attorneys' Fees and Expenses Pursuant to Rule 54.

recover reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract—so long as the claimant is represented by an attorney, the claimant presents the claim to the opposing party, and payment for the amount owed is not tendered before the expiration of the 30th day after the claim is presented. TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001, 38.002.

The Texas Supreme Court has not ruled on whether a specific method is required for calculating attorney's fees under § 38.001; however, it has indicated that the lodestar method is acceptable. *Structural Metals, Inc. v. S & C Elec. Co.*, 590 F. App'x. 298, 308 n.6 (5th Cir. 2014) ("It is unclear whether the lodestar method is the correct method for calculating attorney's fees under section 38.001."); *Long v. Griffin*, 442 S.W.3d 253, 254-55 (Tex. 2014).

The lodestar method involves a two-step process. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). "First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work." *Id.* (citing *Dillard Dep't Stores, Inc. v. Gonzalez*, 72 S.W.3d 398, 412 (Tex. App.-El Paso 2002)). Then, reasonable attorneys' fees are determined by multiplying the reasonable hours spent by the attorneys and a reasonable hourly rate for the work performed. *Id.* The party requesting attorneys' fees bears the burden of documentation for both the hours performed and the value of those hours. *Id.* at 761. This documentation may take the form of an affidavit. *See Long v. Griffin*, 442 S.W.3d at 255. The evidence must at least provide an explanation of the services performed, who performed them, the rate at which each individual performed the work, when the work was performed, and how much time the work required. *Id.* (citing *El Apple*, 370 S.W.3d at 764). When fees are claimed for the work of a legal assistant, Texas courts may also require information as to the qualifications of the assistant to perform substantive legal work and testimony that the assistant

performed substantive legal work under the direction and supervision of an attorney. *El Apple*, 370 S.W.3d at 763. When a movant files an affidavit that documents his usual and customary attorneys' fees, the court presumes the fees to be reasonable unless rebutted by the nonmovant. TEX. CIV. PRAC. & REM. CODE ANN. § 38.003.

Here, Plaintiff has presented five exhibits in support of his motion (Dkts. #24, 24-1, 24-2, 24-3, 24-4, 24-5). Exhibit A, "Attorney Fee Affidavit of James G. Rea" provides a summary of the services performed, who performed them, the rate at which they performed, when the work was performed, and how much time the work required (Dkt. #24-1 at ¶¶ 2, 4, 5). In support of the reasonableness of the hourly rates charged, Plaintiff has provided detailed biographical information for each of the three attorneys who performed work on this case (Dkt. #24-2, 24-3, 24-4). In Exhibit B, Plaintiff has provided details of the evidence summarized in Exhibit A and evidence of court costs and expenses. (Dkt. #24-5). After examining the evidence presented in Plaintiff's motion and considering the *Arthur Andersen* factors[2], the Court determines that the rates charged by Plaintiff's counsel and legal assistant are reasonable. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). As Defendants have not rebutted the rates presented in the Plaintiff's affidavit, these rates approved by this Court's determination are presumed to be reasonable.

---

[2] "Factors that a factfinder should consider when determining the reasonableness of a fee include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered."

*Arthur Andersen*, 945 S.W.2d at 818.

Upon examination of the evidence presented in Exhibit B, the Court finds that the 100.3 hours billed (Dkt. #24-5) are sufficiently detailed for the Court to grant. Accordingly, the lodestar formula of multiplying the reasonable hours spent by the reasonable hourly rate is applied and bears the following results:

| | | | | | |
|---|---|---|---|---|---|
| James Rea (2014) | 66.2 hours | x | $290 | = | $19,198 |
| James Rea (2015) | 5.5 hours | x | $300 | = | $1,650 |
| Marc Taubenfeld | 27.0 hours | x | $430 | = | $11,610 |
| Jeffrey Seckel | 0.3 hours | x | $410 | = | $123 |
| Julia Appleton | 1.3 hours | x | $180 | = | $234 |
| | 100.3 hours | | | | $32,815 |

The Court costs of $810.65 (Dkt. #21) and other necessary expenses of $941.28 (Dkt. #24-5) are also granted. The $2,000 requested for post-judgment actions is denied for insufficient evidence. Therefore, Plaintiff has met all necessary requirements under Federal Rule of Civil Procedure 54 and Texas Civil Practice and Remedies Code § 38.001, and as Plaintiff filed the necessary affidavit and Defendants did not file a timely rebuttal, the Court will grant Plaintiff's Amended Motion for Attorneys' Fees and Expenses in the sum of $34,566.93.

**CONCLUSION**

Based on the foregoing, Plaintiff's Amended Motion for Attorneys' Fees and Expenses Pursuant to Rule 54 (Dkt. #24) is hereby **GRANTED** in the sum of $34,566.93.

**SIGNED this 23rd day of June, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE